NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250356-U

NO. 4-25-0356

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 14, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THOMAS ROWLEE, Individually and on Behalf of Others Similarly Situated, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellant, | ) | Sangamon County |
| v. | ) | No. 24CH51 |
| BRENDAN KELLY, in His Official Capacity as Director of the Illinois State Police, | ) ) | Honorable |
| Defendant-Appellee. | ) ) | Jack D. Davis II, Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court
Justices Lannerd and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in granting defendant's motion to dismiss plaintiff's complaint.

¶ 2    Plaintiff Thomas Rowlee brought this putative class action suit against defendant Brendan Kelly, in his official capacity as director of the Illinois State Police (ISP), asserting that defendant violated his rights by refusing to reinstate his firearm owner's identification (FOID) card and concealed carry permit. Both had been revoked after plaintiff was charged with domestic battery and subsequently convicted of reckless conduct. The cause was dismissed with prejudice pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2024)) when the circuit court determined that the reckless conduct conviction qualified as a misdemeanor crime of domestic violence, prohibiting plaintiff from possessing a firearm under the federal Gun Control Act of 1968 (Gun Control Act) (18 U.S.C. § 922(g)(9) (2018)); rendering him ineligible for a FOID card under section 8(n) of the Illinois Firearm Owners Identification Card

Act (FOID Act) (430 ILCS 65/8(n) (West 2024)) and obviating his claim regarding his concealed carry license.

¶ 3        Plaintiff appeals, arguing that his reckless conduct conviction is not a misdemeanor crime of domestic violence and that federal law does not prohibit him from possessing a firearm. For the reasons that follow, we affirm.

¶ 4                                I. BACKGROUND

¶ 5        The genesis of this dispute is found in La Salle Couty case No. 22-DV-32, where plaintiff was charged with domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2022)) after his adult daughter alleged that he punched her in the face in front of her two minor children. A police report indicates that plaintiff admitted to officers that he grabbed his daughter by the shirt and hit her in the face. The two minors corroborated the daughter's version of events. The State later added another charge of reckless conduct/bodily harm (*id.* § 12-5(a)(1)) based on the same occurrence. The charging instrument for the reckless conduct offense alleges plaintiff caused bodily harm to a family member by striking her in the face. Plaintiff was released on bond subject to the condition that he not possess a firearm. He was later notified that his FOID card was revoked and his concealed carry license was suspended pursuant to state law. See 430 ILCS 65/8(n) (West 2022); 430 ILCS 66/70(h) (West 2022).

¶ 6        In June 2022, plaintiff pleaded guilty to reckless conduct/bodily harm in return for the dismissal of the domestic battery charge. The circuit court sentenced him to one year of probation. The record here does not contain the factual basis alleged by the State at the guilty plea hearing in the criminal case. Plaintiff then initiated a challenge with ISP seeking reinstatement of his FOID card and concealed carry license. After review, defendant determined that plaintiff remained ineligible due to the reckless conduct/bodily harm conviction.

¶ 7    Plaintiff filed the current action in the circuit court as a putative class action, arguing that defendant's classification of his reckless conduct conviction as a crime of domestic violence violated his federal civil rights because "the use or attempted use of force" is not an element of the offense. Among other things, he argued that he was subject to "no legal prohibitions that would bar or disqualify him from possessing or acquiring a firearm, under either federal or state law, except for lack of a FOID card." Defendant sought dismissal pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2024)), arguing plaintiff was prohibited under federal law from possessing a firearm because his reckless conduct conviction resulted from bodily harm to a domestic relation and thereby qualified as a misdemeanor crime of domestic violence. Plaintiff filed an objection to the motion to dismiss arguing, among other things, that he was not entirely prohibited from obtaining a firearm under the Gun Control Act where he could obtain a firearm from a local Illinois manufacturer and avoid the jurisdictional prerequisite of the federal law that the firearm move through interstate commerce.

¶ 8    The circuit court granted the motion and dismissed plaintiff's case with prejudice, finding that the reckless conduct conviction was sufficient to constitute a crime of domestic violence where the offense involved the use of force against a family member. Therefore, the court held, defendant did not err in terminating plaintiff's licensure to possess firearms in Illinois.

¶ 9    This appeal followed.

¶ 10                    II. ANALYSIS

¶ 11    Before addressing plaintiff's contentions, we set forth the legal framework in which his claims operate.

¶ 12                    A. Legal Framework

¶ 13    Illinois is one of a handful of states that require a person to possess a license or

- 3 -

permit prior to purchasing or possessing firearms or ammunition. In Illinois, this prescreening system is enforced through the FOID Act and authorizes ISP to deny or revoke a FOID card on several enumerated bases. Relevant here, denial or revocation is justified if the person at issue is "prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law." 430 ILCS 65/8(n) (West 2024). Revocation of a FOID card requires revocation of the same person's license to carry a concealed weapon. 430 ILCS 66/70(a) (West 2024).

¶ 14      Under the federal Gun Control Act (18 U.S.C. § 922(g)(9) (2018)), any person "who has been convicted in any court of a misdemeanor crime of domestic violence" is prohibited from possessing or purchasing a firearm or ammunition. A crime of domestic violence is defined in the Gun Control Act as an offense that is a misdemeanor under state law and "has, as an element, the use or attempted use of physical force" against a person in a domestic relationship, including a parent-child relationship. *Id.* § 921(a)(33)(A)(i)-(ii).

¶ 15      If a FOID card is revoked pursuant section 8 of the FOID Act based on an enumerated offense, the person affected may appeal the revocation to the circuit court. 430 ILCS 65/10(a) (West 2024). The court then determines whether the relevant criteria have been satisfied, including whether granting relief to possess a firearm would be contrary to federal law, namely, the Gun Control Act. *Id.* §§ 10(c)(1)-(4). We note that this court has previously rejected a challenge to the constitutionality of the FOID card requirement (*Guns Save Life, Inc. v. Kelly*, 2025 IL App (4th) 230662, ¶ 41), though the statute is also under challenge in pending federal litigation (*Laurent v. Kelly*, No. 1:26-cv-05790 (N. D. Ill.  May 19, 2026). No constitutional challenge to the FOID Act is made here, however, so we proceed on the presumption of its validity. See *Kopf v. Kelly*, 2024 IL 127464, ¶ 31 (noting that all statutes carry a strong presumption of constitutionality).

¶ 16         Plaintiff's complaint for review by the circuit court was dismissed pursuant to section 2-619(a)(9) of the Code. When a party moves for dismissal under this section, the movant admits the legal sufficiency of the complaint but asserts an affirmative matter that defeats it. *Lincoln University v. Logan County*, 2025 IL App (4th) 241012, ¶ 43. "Affirmative matter negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." (Internal quotation marks omitted.) *Village of Arlington Heights v. City of Rolling Meadows*, 2025 IL 130461, ¶ 14. "[A] court must construe all pleadings and supporting documents in the light most favorable to the nonmoving party" when ruling on the motion to dismiss. *Walker v. Chasteen*, 2025 IL 130288, ¶ 16. We review *de novo* a dismissal under section 2-619. *Lincoln University*, 2025 IL App (4th) 241012, ¶ 43.

¶ 17                              B. This Case

¶ 18         Plaintiff's argument on appeal is twofold. First, he contends that his reckless conduct conviction is not a crime of domestic violence under the federal Gun Control Act. Second, he argues that the characterization of his conviction is irrelevant under federal law, as he could theoretically obtain a gun outside of interstate commerce and therefore not be subject to the federal prohibition.

¶ 19                      1. *Crime of Domestic Violence*

¶ 20         Under the Gun Control Act, a misdemeanor crime of domestic violence is defined as any "misdemeanor under *** State *** law" that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim." 18 U.S.C. § 921(a)(33)(A) (2018); *Johnson v. Department of State Police*, 2020 IL 124213, ¶ 22. Plaintiff does not dispute that he was convicted of a misdemeanor under Illinois law for reckless conduct or that the victim was his daughter. He

argues, however, that the use of physical force is not an element of reckless conduct.

¶ 21    Reckless conduct occurs when a person performs an act that "cause[s] bodily harm to or endanger[s] the safety of another person." 720 ILCS 5/12-5(a)(1) (West 2024). On its face, the statute deals with two circumstances that are considerably different: actually causing bodily harm versus merely endangering safety. Because the statute lists the elements of the offense in the alternative, the offense of reckless conduct has what is sometimes called a "divisible" structure. See *Mathis v. United States*, 579 U.S. 500, 504-05 (2016) (distinguishing categorical versus divisible structure). Because of this divisible structure, we may look to the particulars of defendant's prior misdemeanor charge—rather than to the abstract elements of the offense—in determining the underlying elements of the charge for purposes of the analysis. See *Descamps v. United States*, 570 U.S. 254, 261-65 (2013) (noting that reviewing courts may look to a set of documents and evidence to determine the elements of the predicate offense).

¶ 22    In the charging instrument in the La Salle County case, plaintiff was alleged to have caused bodily harm to his daughter by striking her in the face. Binding authority establishes that this conduct is sufficient to constitute the "use of physical force."

¶ 23    In *United States v. Castleman*, 572 U.S. 157, 161 (2014), the defendant had previously been convicted of " 'intentionally or knowingly caus[ing] bodily injury to' the mother of his child," a misdemeanor under Tennessee law. Castleman argued that his Tennessee conviction did not satisfy the Gun Control Act's prohibition for those convicted of a misdemeanor crime of domestic violence. *Id.* The Court rejected the argument, finding that the element of physical force requirement was satisfied if the degree of force was sufficient to support a "common-law battery conviction" (*id.* at 168) and that "at common law, the element of force in the crime of battery was 'satisfied by even the slightest offensive touching.' " (*id.* at 163 (quoting

- 6 -

*Johnson v. United States*, 559 U.S. 133, 139 (2010)). Further, "[i]f a seemingly minor act" like that of squeezing an arm, resulting in a bruise, "draws the attention of authorities and leads to a successful prosecution for a misdemeanor offense, it does not offend common sense or the English language to characterize the resulting conviction as a 'misdemeanor crime of domestic violence.' " *Id.* at 166. Moreover, it was "impossible to cause bodily injury without applying force in the common-law sense." *Id.* at 170.

¶ 24   Plaintiff's case is analogous to *Castleman* because he stands convicted of causing bodily harm to his daughter by, as described in the charging instrument, striking her in the face. In Illinois, the definition of "bodily harm" in relation to a charge of battery, and applicable to reckless conduct, requires "some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent." *People v. Mays*, 91 Ill. 2d 251, 256 (1982). Under this definition, it would be impossible to cause bodily harm without applying force in the common-law sense. See *Castleman*, 572 U.S. at 170.

¶ 25   Defendant further argues along similar lines that the "reckless" conduct at issue in his misdemeanor offense does not constitute the "use" of physical force necessary to satisfy the definition of a crime of domestic violence. Once again, however, Supreme Court caselaw holds to the contrary. After *Castleman*, the Court in *Voisine v. United States*, 579 U.S. 686, 695 (2016), found the "definition of a 'misdemeanor crime of violence' contained no exclusion for convictions based on reckless behavior." Accordingly, "[a] person who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally." *Id. Voisine* makes clear that recklessness in the commission of the offense is sufficient, so long as the act was volitional. There is no basis in the record to suggest that plaintiff's conduct was involuntary, and the charging instrument makes clear that it was not.

¶ 26    In light of *Castleman* and *Voisine*, we are required to find that plaintiff's conviction for reckless conduct makes him ineligible for possession of a firearm under federal law, thereby rendering him ineligible for a FOID card or, by extension, a concealed carry license.

¶ 27                    2. *Federal Law*

¶ 28    Plaintiff next argues that the circuit court erred in granting the motion to dismiss because he is not technically prohibited from possessing all guns, as Congress—mindful of the limitations of its authority under the commerce clause—has specified in section 922(g)(9) that persons to whom it applies are not allowed to "possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(9) (2018). He argues that if he were to purchase a firearm from a weapons manufacturer in Illinois, section 922(g)(9) would not be violated. Consequently, he argues, he would be under no federal prohibition and, therefore, no State prohibition.

¶ 29    Plaintiff's argument is too clever by half. The question posed is binary: is defendant eligible for an Illinois FOID card, or is he not? There is no middle-ground vehicle for obtaining a FOID card that applies to only Illinois-made firearms. If plaintiff were to be issued a FOID card, he would be able to use it to purchase foreign-made firearms that he concedes federal law bars him from possessing, thus expressly frustrating Illinois' clear legislative intention to prevent him from doing so. Plaintiff's interpretation assumes that the Illinois prohibition is a weapon-by-weapon enterprise, but the statute reveals no such intention. Even by his own terms, plaintiff is generally prohibited from owning firearms under federal law—thus triggering his FOID ineligibility—even if, theoretically, there may be *some* weapons he is not federally barred from possessing.

¶ 30    It is the theoretical nature of plaintiff's position that provides a second basis for its

undoing. A motion to dismiss under section 2-619(a)(9) of the Code shares a similar burden-shifting framework as that applicable to a motion for summary judgment. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 53. After a defendant carries the initial burden of establishing an affirmative matter, the burden shifts to the plaintiff to "establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven." *Rehfield v. Diocese of Joliet*, 2021 IL 125656, ¶ 22. If the plaintiff fails to do so, " 'the motion may be granted and the cause of action dismissed.' " *Id.* (quoting *Kedzie & 103rd Currency Exchange, Inc., v. Hodge*, 156 Ill. 2d 112, 116 (1993)).

¶ 31    Plaintiff's argument rests on the assertion that he *could* own a firearm pristinely unaffected by interstate commerce, but he fails to provide a factual basis to conclude that such a firearm exists. See *United States v. Rahimi*, 602 U.S. 680, 765 (2024) (Thomas, J., dissenting) (noting the jurisdictional language of section 922(g) "captures virtually all commercially available firearms and ammunition"). Section 2-619 provided plaintiff with the opportunity to make such a record, but he failed to do so. See 735 ILCS 5/2-619(c) (West 2024) (allowing a nonmovant to submit "affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect"); *Valfer v. Evanston Northwestern Healthcare*, 2016 IL 119220, ¶ 20 (noting that "unsupported conclusions, opinions, or speculation are insufficient to raise a genuine issue of material fact"). As discussed above, plaintiff's argument is based on the contention that there are theoretically some firearms he could obtain that have somehow avoided having any interaction with interstate commerce, but he has failed to provide a sufficient factual basis for that supposition. On this record, this is far too speculative a basis for defendant's argument to carry the day.

¶ 32    Accordingly, the circuit court did not err in granting the motion to dismiss with prejudice.

¶ 33                                      3. *Procedural Bar*

¶ 34          As a final matter, the Attorney General notes that certain issues raised by plaintiff below have not been advanced on appeal, and he has not meaningfully argued a violation of the second amendment (U.S. Const., amend. II). We agree that plaintiff has waived the issues not carried forward on appeal and that he has failed to sufficiently assert a constitutional violation. "A court of review is entitled to have the issues clearly defined and to be cited pertinent authority." (Emphasis omitted.) *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56. The failure to do so violates Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) and results in forfeiture. *Id.*

¶ 35                                      III. CONCLUSION

¶ 36          For the reasons stated, we affirm the circuit court's judgment.

¶ 37          Affirmed.